**UNITED STATES of America**
v.
**James D. KNOX.**
**Crim. No. 67–80–A.**

United States District Court
W. D. Texas,
Austin Division.
July 24, 1968.

Ernest Morgan, U. S. Atty., Ralph Harris, Asst. U. S. Atty., Western District of Texas, for United States.

Percy Foreman, Houston, Tex., for James D. Knox.

## MEMORANDUM AND ORDER

ROBERTS, District Judge.

Came on this day for consideration by this Court, the motion of the defendant, James D. Knox, in the above styled and numbered cause, applying to this Court for a dismissal of the indictment, which the parties agreed to have decided without oral argument.

The Court grants the dismissal on the authority of Marchetti v. United States, 390 U.S. 39, 40, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 63, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968).

The indictment alleges that the Defendant violated Title 18, United States Code, Section 1001 (1964) by wilfully and knowingly making a false statement on Internal Revenue Form 11–C, Special Tax Return and Application for Registry-Wagering.

In general, the Marchetti and Grosso cases held that the privilege against self-incrimination bars prosecution under the federal wagering tax statutes. This case is controlled specifically by Grosso, which held that the petitioner there could not be convicted of conspiracy to evade payment of the excise tax on wagering "if the constitutional privilege would properly prevent his conviction for wilful failure to pay it." Id. at 70, 88 S.Ct.

at 715. Similarly, the indictment in this case is based on the defendant's alleged failure to answer the wagering form correctly, and the constitutional privilege against self-incrimination would have prevented prosecution for failure to answer the form in any respect.

It is therefore ordered, adjudged and decreed that the motion be, and is hereby, granted.